**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STACEE LYNN CHIVERS,

    Plaintiff - Appellant,

v.

STEVE REAVES; JACOB SUBE; WILL
CRAGUN; ERICK GONNUSCIO;
DARREN GOFF; KORY CHECKETTS;
COLTEN JOHANSEN; MIKE
ASHMENT; AARON JACKMAN;
OGDEN CITY; OGDEN METRO SWAT
TEAM; ERIC YOUNG; WAYNE
TARWATER; BRANDON
WHITEHEAD; DANIEL FUHR; ROB
CARPENTER; JEFFREY PLEDGER;
WEBER COUNTY; STATE OF UTAH;
TERRY THOMPSON; TROY WINDSOR;
ARMANDO PEREZ; RICH CLAWSON;
BRYCE WEIR; DEE SMITH,

    Defendants - Appellees.

No. 17-4169
(D.C. No. 1:13-CV-00171-JNP)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.
_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2012, Aaron Collier engaged in an armed standoff with law enforcement that unfortunately ended in Collier's death by a self-inflicted gunshot. After this harrowing experience, Collier's fiancée, Plaintiff Stacee Chivers, sued twenty-five defendants, including law enforcement officers and municipalities. She alleged various claims under 42 U.S.C. § 1983 and state law related to her treatment during and after the standoff. In the claims relevant to this appeal, all defendants filed motions for summary judgment, with the individual defendants alleging qualified immunity. The district court issued a seventy-three-page memorandum decision and order explaining in painstaking detail why all defendants were entitled to summary judgment and, consequently, declining to exercise jurisdiction over Plaintiff's state law claims.

On appeal, Plaintiff argues (1) Defendants Carpenter, Checketts, and Weir violated her Fourth Amendment rights by not obtaining Plaintiff's voluntary consent to be transported to the police station and interrogated; (2) Defendants Reaves, Cragun, Goff, Whitehead, Pledger, and Windsor knew or had reason to know that no voluntary consent would be obtained from Plaintiff; (3) Defendant Whitehead used excessive force while handcuffing Plaintiff; (4) Defendants Ogden City and Weber County's "Transportation Policy" was deliberately indifferent to the need for a transportee's consent; (5) exigent circumstances did not justify the warrantless search of Plaintiff's home conducted or facilitated by Defendants Pledger, Windsor, Cragun, Tarwater, Young, and Carpenter; and (6) the court erred in dismissing Plaintiff's state law claims.

The district court more than adequately addressed each of these issues. When a district court accurately takes the measure of a case and articulates a cogent rationale, we

2

see no useful purpose for a reviewing court to write at length. After examining the briefs, reviewing the record, and hearing oral argument, we affirm for substantially the same reasons set forth in the district court's thorough order.

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge